UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEC 1 2 2016

CLERK, U.S. DISTRICT COURT
By _____

| | | |
|---|---|---|
| SHERRI R. LOWE, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:14-CV-1407-K |
| EXTEND HEALTH, INC., | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United State Magistrate Judge for pretrial management. On April 17, 2014, Sherri R. Lowe ("Plaintiff") filed this *pro se* action alleging that her former employer, Extend Health, Inc. ("Defendant") discriminated against her. Compl. 3, ECF No. 3. On November 30, 2015, Plaintiff filed her Amended Complaint [ECF No. 48]. On April 29, 2016, Defendant filed its Motion to Dismiss or, in the Alternative, for Other Discovery Sanctions [ECF No. 50] ("Motion to Dismiss"). In the Motion to Dismiss, Defendant argues that the Court should dismiss this action due to: (1) Plaintiff's failure to serve initial disclosures pursuant to Federal Rule of Civil Procedure ("Rule") 26(a)(1); (2) Plaintiff's failure to comply with the letter and spirit of the Court's order to answer questions posed to her by defense counsel during her February 9, 2016 deposition; and (3) Plaintiff's failure to provide a copy of her discovery responses as ordered by the Court. Mot. to Dismiss 1, ECF No. 50. In the alternative, Defendant asks the Court to impose other sanctions for Plaintiff's failure to proceed in discovery in good faith. *Id.*, ECF No. 50.

Defendant contends that Plaintiff failed to respond for many months to Defendant's inquiry as to when she would be available for her deposition, and that when Defendant was finally able to depose her on February 9, 2016, Plaintiff initially objected to every question and refused to provide answers beyond her objections. Mot. to Dismiss 2 & 4-5, ECF No. 50. As a result, Defendant

contacted the Court, and Plaintiff was ordered by the Court during a telephone conference that she

must provide answers to Defendant's deposition questions after making her objections on the record.

*Id.* at 6, ECF No. 50. In addition, Plaintiff was ordered to provide the Court a copy of her discovery

responses, which Plaintiff stated that she already served Defendants, but Defendant was not able to

locate. *Id.*, ECF No. 50. The Court informed the parties that if Plaintiff failed to provide the

discovery responses to the Court within seven days as instructed, Defendant may file a motion to

dismiss. *Id.*, ECF No. 50. During this call, Plaintiff also conceded that she never served her Rule

26(a)(1) initial disclosures. *Id.*, ECF No. 50.

      Subsequent to the telephone conference with the Court, Defendant states that Plaintiff still

failed to provide meaningful responses to most of Defendant's questions by stating that she did not

know the answers and that she needed to consult her notes, which were most likely located at her

home. *Id.* at 6-10, ECF No. 50. Furthermore, Defendant states that it warned Plaintiff numerous

times during her deposition that if she refuses to cooperate, Defendant would have to file a motion

to dismiss and/or to compel. *Id.* at 11, ECF No. 50. In addition, Defendant states that its counsel

confirmed with the Court on February 16, 2016 that the Court did not receive discovery responses

from Plaintiff as ordered. *Id.*, ECF No. 50. Defendant also states that it still has not received

Plaintiff's initial disclosures. *Id.*, ECF No. 50. However, Defendant states that on April 26, 2016,

its counsel located Plaintiff's original discovery responses. *Id.* at 12, ECF No. 50. Defendant argues

that, although the Court would not have had to order Plaintiff to produce another copy if defense

counsel had not misplaced the original, this does not change the fact that Plaintiff refused to extend

the courtesy of providing another copy so that Defendant would not have to involve the Court, and

Plaintiff is not excused for utterly disregarding the Court's order to provide the additional copy. *Id.*

at 12, ECF No. 50.

Defendant argues that the Court has authority under Rule 37(b) to dismiss a non-complying party's cause of action or order other sanctions. *Id.* at 13-14, ECF No. 50. Defendant also argues that the Court has authority under Rule 41(b) to dismiss a case for a litigant's failure to prosecute her case in good faith or comply with the federal rules. *Id.* at 14, ECF No. 50. Defendant argues that Plaintiff's conduct in failing to comply with the Court's express order, provide any substantive responses to the vast majority of Defendant's deposition questions, or serve her Rule 26(a)(1) initial disclosures warrants dismissal. *Id.* at 15-16, ECF No. 50. Defendant reiterates that Plaintiff was specifically advised by the Court that her failure to comply could result in a dismissal, and that her conduct in this case demonstrates an utter lack of respect for the Court, the federal rules, and Defendant's resources unnecessarily expended because Plaintiff refuses to engage in the discovery process. *Id.* at 15, ECF No. 50. Defendant argues that dismissal is the remedy to which courts resort when alternative sanctions have been ineffective or would be futile. *Id.* at 16, ECF No. 50. Defendant argues that no other sanction will suffice here, because Plaintiff's intentional conduct epitomizes bad faith. *Id.* at 17, ECF No. 50. Defendant contends that it has been prejudiced by its inability to obtain critical evidence necessary in the preparation of its defense. *Id.* at 17, ECF No. 50. Furthermore, Defendant argues that while courts may allow *pro se* litigants some leniency, the Court should not be dissuaded from enforcing the appropriate remedy here, because Plaintiff is well-versed in federal litigation, having filed four other cases in the Northern District of Texas since 2009. *Id.* at 18, ECF No. 50.

As argued by Defendant, the District Court has the authority to dismiss this case for Plaintiff's failure to prosecute or comply with the federal rules or court orders. FED. R. CIV. P. 41(b).

3

"Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte*, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 626 (1962)). "Dismissals with prejudice 'are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.'" *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). Such aggravating factors include "(1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant." *Id.* (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248 (5th Cir. 1984)). However, courts are required to consider lesser sanctions such as fines, costs, dismissal without prejudice, and explicit warnings. *See id.* ("In addition to the foregoing, the court must consider lesser sanctions. That consideration, and the court's findings that lesser sanctions would be inadequate, must be spread upon the record for 'such findings of fact are essential for our consideration of the inevitable argument that the dismissal was an abuse of its discretion.'" (quoting *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984))).

The delays personally caused by Plaintiff in this case, which has been pending since April 17, 2014, prejudices Defendant. Plaintiff's failure to provide meaningful responses to Defendant's deposition questions or provide initial disclosures prejudices Defendant in that Defendant is prevented from preparing its defense. The Court also notes that Plaintiff failed to file responses to the instant Motion to Dismiss, as well as Defendant's Amended Motion for Summary Judgment [ECF No. 53], and the response deadlines have long since passed. Furthermore, Plaintiff has been

warned by the Court and Defendant, to no avail, that Plaintiff's failure to comply with court orders or follow federal rules could result in the dismissal of her case. Therefore, as Defendant argues, Plaintiff has demonstrated that a sanction other than dismissal would be futile. As further argued by Defendant, the District Court should not be dissuaded from enforcing the appropriate remedy due to Plaintiff's *pro se* status, because Plaintiff is well-versed in federal litigation, having filed seven other cases in the Northern District of Texas since 2009.[1] *See Balawajder v. Carpenter*, No. 92-1665, 1993 WL 152087, at *3 (5th Cir. Apr. 27, 1993). ("Balawajder has filed a number of lawsuits and can be held accountable for reasonably sophisticated *pro se* legal efforts."). Therefore, the undersigned finds that a dismissal without prejudice is the appropriate remedy given Plaintiff's conduct in this case.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court GRANT Defendant's Motion to Dismiss [ECF No. 50] and dismiss this case without prejudice.

**SO RECOMMENDED**, this /2 day of ___December___, 2016.

_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

1. Plaintiff has filed the following other cases in the Northern District of Texas: (1) *Lowe v. Wellcare Health Plans, Inc.*, No. 3:09-CV-806-D; (2) *Lowe v. Wellcare Health Plans, Inc.*, No. 3:11-CV-9-L; (3) *Lowe v. ViewPoint Bank*, No. 3:12-CV-1725-G; (4) *Lowe v. UHF Magnolia Trace, L.P.*, No. 3:14-CV-1460-M; (5) *Lowe v. Wal-Mart Stores, Inc.*, No. 3:16-CV-2017-N; (6) *Lowe v. Firestone Tire & Rubber Co.*, No. 3:16-CV-3067-K; (7) *Lowe v. Burlington Stores, Inc.*, No. 3:16-CV-3068-B.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

6